UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

VERNA LINGO, Personally and as
Personal Representative of the
Estate of Randel L. Lingo, deceased,
and as Guardian Ad Litem for Matthew
Lingo and Jordan Lingo,

                      Plaintiffs,    REPORT AND
                                      RECOMMENDATION

                                      CV 01-4507 (LBS)(MDG)
      - against -

M.B. AUTOATTREZZATURE s.r.l. and
pbr INDUSTRIES, INC.

                      Defendants.

- - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    Plaintiff Verna Lingo ("Lingo") brings this diversity action on behalf of herself, her minor children Matthew and Jordan Lingo, and the estate of Randel L. Lingo to recover damages, <u>inter alia</u>, for wrongful death and other injuries sustained by Randel Lingo. The Honorable Reena Raggi, now of the Second Circuit, referred plaintiff's motion for default against defendant pbr Industries, Inc. to me to report and recommend.[1]

PROCEDURAL BACKGROUND

    In her complaint, plaintiff asserts claims against defendant pbr Industries, Inc. ("pbr") and M.B. Autoattrezzature s.r.l. for product liability. Specifically, she alleges that an industrial

---

[1] On October 7, 2002, this case was reassigned from Judge Raggi to the Honorable Leonard B. Sand.

solvent recycler manufactured by M.B. and distributed by pbr caused a flash fire and explosion that resulted in burns to most of Mr. Lingo's body and, ultimately, brought about his death. See Complaint at ¶¶ 9-11, 19; Affidavit In Support of Default Judgment at ¶ 6. On August 17, 2001, plaintiff personally served a summons and complaint on Americo Marchitelli. See Affidavit of Service dated August 21, 2001 (ct. doc. 2) (attached as Exh. B to Notice of Motion for Default Judgment Pursuant to FRCP 55(b)(2)).

As the docket sheet indicates, pbr did not answer the complaint. On March 6, 2002, the Clerk of the Court noted entry of default as to pbr (ct. doc. 16).

Mr. Marchitelli submitted an affidavit dated March 11, 2002 claiming that pbr had sold all its assets in 1990 and was formally dissolved eight years before this action commenced. See Declaration of Americo Marchitelli, dated March 11, 2002 ("Marchitelli Aff.") at ¶¶ 3-5. He further states that "I am no longer a shareholder of pbr Industries Inc., nor was I nor have I been a shareholder, director, officer, managing agent or otherwise authorized agent of the corporation at any time after it became defunct. Id. at ¶ 5.

By endorsed order dated, March 22, 2002 Judge Raggi referred plaintiff's motion for default judgment to me to report and recommend.

A hearing was held on September 20, 2002. The Court heard oral argument on plaintiff's motion, having granted Marchitelli's request to be excused from attendance at the hearing due to poor

-2-

health. By letter dated November 18, 2002, Edward Ross, counsel for Mr. Marchitelli advised that his client had passed away.

## FACTS

The submissions establish the following facts, which are undisputed, except as noted. pbr Industries, Inc. is a corporation organized in the state of New York. Marchitelli Aff., Exh. A; Declaration of Judah Serfaty dated March 26, 2002 ("Serfaty Aff."), Exh. A. This corporation subsequently changed its name to Dunbar Industries, Inc. in 1983. Marchitelli Aff., Exh. A. Amerigo Marchitelli was a shareholder, director and officer of pbr at the time pbr sold its assets in 1990. Id. at ¶ 5. Although the parties dispute whether the corporation continued operations after 1990, the corporation was dissolved by proclamation of the Secretary of State on September 28, 1994 for tax delinquencies. Serfaty Aff., Exh. A.

Plaintiff served the summons and complaint on pbr by serving Mr. Marchitelli at his residence.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure[2] sets forth

---

[2] Rule 55 provides in pertinent part:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as

a two-step process for obtaining a default judgment; first, a party must apply to the Clerk of the Court for entry of default and then the Court must determine whether a default judgment is appropriate. Empire Mortgage Ltd. Partnership v. Sullivan, No. 95-CV-2384 (ILG), 1996 WL 599726 at *2 (E.D.N.Y. Oct. 15, 1996). In this case, the Clerk of the Court has already noted entry of default, leaving only the question of whether default is appropriate. See Certificate of Default, dated March 6, 2002 (attached to Notice of Motion for Default Judgment Pursuant to FRCP 55(b)(2), at 3).

pbr argues that service was defective because service upon Marchitelli was invalid once the corporation became defunct. Marchitelli Aff. at ¶ 5; Declaration of Judah Serfaty dated March 26, 2002 at ¶¶ 4 5, Exh. A. However, section 1006(b) of the New York Business Corporation Law ("BCL") expressly states that "[t]he dissolution of a corporation shall not affect any remedy available to or against any such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution." The statute also

---

follows: ...
    (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. ... [T]he court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

provides that "[a dissolved] corporation may sue or be sued in all courts, and process may be served by or upon it." N.Y. Bus. Corp. Law § 1006(a)(4). Thus, courts have recognized that as long as liability is incurred before the dissolution, the corporation remains liable despite its dissolution.[3] See Wells v. Ronning, 262 A.D.2d 690, 702 N.Y.S.2d 718 (3rd Dep't 2000); Linzer v. EMI Blackwood Music, 904 F. Supp. 207 (S.D.N.Y. 1995); see also Town of Oyster Bay v. Occidental, 987 F.Supp. 182, 202 (E.D.N.Y. 1997) (suit against dissolved corporation upheld); Gutman v. Club Mediterranee Intern., Inc., 218 A.D.2d 640, 630 N.Y.S.2d 343 (2d Dep't 1995); Rodgers v. Logan, 121 A.D.2d 250, 503 N.Y.S.2d 36 (1st Dep't 1983).

As Marchitelli has admitted he was a shareholder, director and officer of pbr, service of the summons and complaint on him was appropriate and effective against pbr. See State of N.Y. v. Yonkers Contracting Co., Inc., NO. 90 CIV. 3779 (CES), 1991 WL 12132 at *2 (S.D.N.Y., Jan. 28, 1991) (former directors of dissolved corporation "continue to function as proper agents of service for the purpose of the dissolved corporation being sued"); see also Mandeville v. Wertheimer, No. 01 CIV. 4469 (DF), 2002 WL 31045859 at *2-3 (S.D.N.Y. Jun 17, 2002) (waiver of service signed by sole shareholder, officer and director of dissolved corporation found to be sufficient).

---

[3] For the purposes of this motion, I assume, arguendo, that liability was incurred before the date of the dissolution of pbr.

However, since the corporation may have been defunct for some time, there is little likelihood that corporate assets exist to satisfy any judgment. As New York courts have recognized, following the dissolution of a corporation, "any distribution of former corporate assets to the shareholders [is] made in trust for the benefit of creditors." See Somer & Wand v. Pia Rotondi, 219 A.D.2d 340, 642 N.Y.S.2d 937, 940 (2nd Dep't 1996) (citing Rogers v. Logan, 503 N.Y.S.2d 36). As a result, an action against a dissolved corporation can be maintained against shareholders who have received distributed assets, to the extent of the amount of those distributions. See Wells, 702 N.Y.S.2d 718.

CONCLUSION

For the following reasons, I recommend that the motion for entry of default be granted and that determination of the amount of judgment be deferred until trial of this action against the other defendant, M.B. Autoattrezzature s.r.l. or resolution of the claims against said defendant. Since Marchitelli is now deceased and the beneficiaries of his estate undoubtedly will have an interest in defending against entry of any judgment, I further recommend that no determination of the amount of default judgment be held unless plaintiff gives appropriate notice to such beneficiaries. Cf. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467 (2d Cir. 1998) (claims dismissed where no substitution made after defendant's widow filed a suggestion of death on the

-6-

record).

Copies of this report and recommendation have been mailed to the parties listed herein. Any objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to the undersigned, by August 18, 2003. Failure to file objections within the time specified waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Dated:   Brooklyn, New York
         July 24, 2003

                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE