UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

VERNA LINGO, Personally and as Personal
Representative of the Estate of Randel L. Lingo,
deceased and as Guardian Ad Litem for Matthew
Lingo and Jordan Lingo,

                    Plaintiff,

   -against-

M.B. AUTOATTREZZATURE S.R.L. and PBR
INDUSTRIES, INC.,

                  Defendants.

   -against-

ASSICURAZIONI GENERALI, S.P.A., et al.,

           Third-Party Defendants.

----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

CV 2001-4507(LBS)(MDG)

SAND, District Judge.*

      Finding no merit in the objections to Magistrate-Judge Marilyn D. Go's Report and Recommendation that the motion of Defendant/Third-Party Plaintiff M.B. Autoattrezzature, s.r.l. ("Autoattrezzature") for default be granted and that the motion of Third-Party Defendant Assicurazioni Generali, S.p.A. ("Generali") for an enlargement of time to answer be denied, we adopt and approve that recommendation.

      The record fully supports the Magistrate-Judge's conclusion that the Third-Party Defendant insurance company was validly served, was fully aware of the pendency of this litigation and, for whatever reason, made a conscious decision not to appear in the action until Defendant/Third-Party Plaintiff Autoattrezzature moved for default.

Having found that the default was wilful, the Magistrate-Judge went on to find in Autoattrezzature's favor that the default would prejudice the adversary and (although perhaps not necessary to support the conclusion) that no meritorious defense was presented. We agree with the Magistrate-Judge that "the better course would have been for Autoattrezzature to serve its motion for default upon Generali" (Report and Recommendation at 18), but also agree that such service upon a non-party was not mandatory and that this circumstance does not defeat Defendant/Third-Party Plaintiff Autoattrezzature's motion.

The Magistrate-Judge fully recognized that there is a strong public policy in favor of resolving disputes on the merits but we agree that the wilful conduct of Generali, Autoattrezzature's product liability insurer, fully justifies entry of a Default Judgment.

SO ORDERED.

Dated:  New York, New York
        July 18, 2005

signed:  Leionard B. Sand

_____
          U.S.D.J.*


*Sitting by designation.