UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
VERNA LINGO, Personally and as Personal
Representative of the Estate of Randel L. Lingo,
deceased, and as Guardian Ad Litem for Matthew Lingo
and Jordan Lingo,

                Plaintiff,

                -against-

M.B. AUTOATTREZZATURE S.R.L. and PBR
INDUSTRIES, INC.,

                Defendants,

                -against-

ASIGURAZIONI GENERALI S.P.A., MARE
ASIGURAZIONI, and ASSICURAZIONI GENERALI,
S.P.A.,

                Third-Party Defendants.
-----------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

01-Civ-4507
(LBS)(MDG)

SAND, District Judge*

On September 20, 2005, the Court adopted the Report and Recommendation of the Honorable Marilyn D. Go, United States Magistrate Judge, and entered a default judgment against Third-Party Defendant, Assicurazioni Generali, S.p.A. ("Generali"). Generali, having been found to have intentionally defaulted in the third-party action, now requests that the Court enter a certificate of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits a Court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction

1

for the entry of judgment." FED R. CIV. P. 54(b).  However, "the District Court cannot, in an exercise of its discretion, treat as 'final' that which is not 'final.'" Spencer, White & Prentis, Inc. v. Pfizer, Inc., 498 F.2d 358, 364 (2d Cir. 1974).

Here, Generali's intentional default established its liability to Defendants, though the amount owed is yet to be determined.  As the Second Circuit wrote in Cooper v. Salomon Bros., 1 F.3d 82, 85 (2d Cir. 1993), "[w]here only liability has been determined, a court cannot execute the judgment before it has assessed the damages.  Therefore, the district court's decision here is not 'final,' and we lack jurisdiction to review it."

The resolution of a third-party claim would sometimes appear to resolve a discrete portion of the case, warranting the grant of a Rule 54(b) motion.  See McMunn v. Hertz Equip. Rental Corp., 791 F.2d 88, 90 (7th Cir. 1986) ("An order dismissing a third-party claim is definitive as to the third-party defendant; he is out of the case.  An order granting such a claim keeps the third-party defendant in the case until the case is over and the defendant knows how much if anything he must pay . . . .").  This case involves the latter scenario, and thus the facts weigh in favor of allowing Plaintiffs' claims to be resolved before appeal is taken.  "Resolution of disputes about contribution and indemnity usually should wait until the underlying claim has been decided. . . . [I]t is imprudent to dispatch the contribution or indemnity claim for immediate appeal, as appellate resolution may never be necessary." Factory Mut. Ins. Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004) (internal citations omitted).

Although Generali is a third-party defendant, Generali's claim is not final.  Even it were, the interests of "sound judicial administration," Sears, Roebuck & Co. v.

2

Mackey, 351 U.S. 427, 437 (1956), persuade the Court that denying Generali's motion will avoid piecemeal litigation. The motion is denied.

SO ORDERED

Dated: New York, New York

November 10, 2005

_____
Leonard B. Sand, U.S.D.J.

*sitting by designation