UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VERNA LINGO, Personally and as Personal
Representative of the Estate of Randel L. Lingo,
deceased, and as Guardian Ad Litem for Matthew Lingo
and Jordan Lingo,

                     Plaintiff,

-against-

M.B. AUTOATTREZZATURE S.R.L. and PBR
INDUSTRIES, INC.,

                     Defendants,

-against-

ASIGURAZIONI GENERALI S.P.A., MARE
ASIGURAZIONI, and ASSICURAZIONI GENERALI,
S.P.A.,
                     Third-Party Defendants.
---------------------------------------------------------------x

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ JAN 1 2 2006 ★
P.M. _____
TIME A.M. _____

**MEMORANDUM**
**AND**
**ORDER**

01-Civ-4507
(LBS)(MDG)

SAND, District Judge*

      Before the court is a motion for attorneys' fees arising out of a product liability dispute. On September 20, 2005 the Court adopted the Report and Recommendation of the Honorable Marilyn D. Go, United States Magistrate Judge, and entered a default judgment against Third-Party Defendant, Assicurazioni Generali, S.p.A. ("Generali"). Aside from requiring Generali to indemnify Defendant/Third Party Plaintiff M.B. Autoattrezzature, s.r.l. ("M.B. Auto"), and to defend M.B. Auto against all claims

1

asserted by the plaintiff in the underlying litigation, the Court stated that Generali "is hereby ordered to pay to Defendant/Third Party Plaintiff M.B. Autoattrezzature, s.r.l., all reasonable attorneys' fees, costs and expenses incurred by the Defendant/Third Party Plaintiff M.B. Autoattrezzature, s.r.l., with respect to this action. [Generali] is not responsible for fees incurred by M.B. Autoattrezzature in obtaining the default judgment."

Attorneys for M.B. Auto submitted a request for $27,778.73. Generali objected to roughly $5,800 of the amount. M.B. Auto's attorneys conceded $1,475 of that contested portion. The Court has examined the computations of time and cost submitted by the attorneys for M.B. Auto and finds them well within the bounds of reasonableness for an action of this kind. Generali's objections to time spent in contact with attorneys involved in the coverage action and to the timing of certain litigation activity are without merit. Mere contact with attorneys involved in the coverage action against Generali does not render the time expended by M.B. Auto's attorneys in the underlying defense outside the bounds of compensation. Moreover it would be odd if insured's counsel were barred from receiving compensation for effort expended in defending its client solely because that effort occurred after the insurer nominally accepted responsibility for defense costs. The insurer's date of acceptance does not, on its own, render unreasonable the services provided by M.B. Auto's counsel.

The Court grants attorneys' fees in the amount of $26,303.73.

**SO ORDERED**

Dated: January 5, 2006

New York, New York                    s/ Leonard B. Sand

                                      _____

                                      U.S.D.J.

*sitting by designation